State, 59 Tex. Cr. R. 90, 127 S. W. 178; Reeseman v. State, 59 Tex. Cr. R. 430, 128 S. W. 1129.

We have carefully gone over all the grounds stated in appellant's motion for new trial, and finding that evidence of other sales, in the mode and manner this sale was made, was admissible to show a system appellant had adopted in not delivering the liquor to a purchaser, but to so place it that the purchaser could find it, the other grounds present no error.

The judgment is affirmed.

---

### HAMIL v. STATE.

(Court of Criminal Appeals of Texas.   April 3, 1912.)

CRIMINAL LAW (§ 1094*)—APPEAL—RECORD—BILLS OF EXCEPTIONS.

Where the motion for new trial alleges no reason for reversal which can be considered, unless supported by bills of exceptions and statements of fact, a conviction must be affirmed, in the absence of a statement of fact or bills of exception.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2807, 3204; Dec. Dig. § 1094.*]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Stennit Hamil was convicted of crime, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for rape upon a girl under 15 years of age. The record contains neither statement of facts nor bills of exception. The motion for new trial alleges no reason for reversal of the judgment that could be considered, in the absence of bills of exception and statement of facts.

The judgment is affirmed.